**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION**

**RECEIVED**

JAN 3 0 2024

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

ANTHONY WEBB pro se
_____
(Enter Above the Name of the Plaintiff in this Action)

vs.

1 : 2 4 C V 4 3

STATE OF OHIO
_____
(Enter above the name of the Defendant in this Action)

J. COLE

If there are additional Defendants, please list them:

M.J. BOWMAN

Magistrate Thomas O. Beridon, et al
_____

Attorney W. Scott Leaman, et al
_____

_____

_____

**COMPLAINT**

I.  Parties to the action:

Plaintiff:   Place your name and address on the lines below. The address you give must be the address where
the court may contact you and mail documents to you. A telephone number is required.

ANTHONY WEBB
_____
Name - Full Name Please - PRINT

c/o 2656 Queen City Avenue
_____
Street Address

Cincinnati, Ohio [45238]
_____
City, State and Zip Code

(267) 595-3541
_____
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this
page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this
form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Thomas O. Beridon
   Name - Full Name Please

   1000 Main street Room 424, Cincinnati, Ohio 45202
   Address: Street, City, State and Zip Code

2. W. Scott Leaman

   1771 West Diehl Rd Suite 120, Naperville, IL 60563

3. _____

4. _____

5. _____

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☐ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☑ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
   [Other federal status giving the court subject matter jurisdiction.]

-2-

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

1. On November 13, 2023, defendant W. Scott Leaman filed a motion for summary judgement and a motion for default judgement among other filings in which he lacked standing. The Truth in Lending Act states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial assets were exchanged for FED's promissory notes in an even exchange. The defendant misled the State Court when they executed the unlawful foreclosure and case against the Plaintiff's property.

2. On January 24, 2024, by signing and granting the defendant a default judgement, without proof of claim and defendant lacking standing, there shows to be or was a conspiracy to deprive the Plaintiff of his property without the administration of justice, in violation of the Plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong)

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption. (Example, Case Number: 2:08-cv-728 and Caption: John Smith vs. Jane Doe).

Case Number                          Caption

_____        _____ vs. _____

_____        _____ vs. _____

_____        _____ vs. _____

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

I state under penalty of perjury that the foregoing is true and correct. Executed on

this _35^th_ day of _January_ , 20_24_ .

_Catty Well_ authorized representative
Signature of Plaintiff

-4-

Anthony-Cortez: Webb

c/o 2656 Queen City Avenue

Cincinnati, Ohio [45238]

### IN THE U.S. DISTRICT COURT SOUTHERN DISTRICT COURT OF OHIO

| | |
|---|---|
| ANTHONY WEBB pro se | (Case I.D. Number) |
| Plaintiff | |
| -vs- | |
| STATE OF OHIO] | |
| Magistrate Thomas O. Beridon] | |
| Attorney W. Scott Leaman | |
| Defendants | |

## 5.5 MILLION DOLLAR LAWSUIT FOR WRONGFUL FORCLOSURE

I, Anthony-Cortez: Webb, of Cincinnati, in Hamilton, Ohio, MAKE OATH AND SAY THAT:

1. Comes Now Plaintiff ANTHONY WEBB pro se, to file his claim due process violation and wrongful foreclosure for wrongful foreclosure on the property located at 2656 Queen City Avenue, Cincinnati, Ohio 45238. The plaintiff alleges the following fact that robbed the court of jurisdiction:

2. 1. The foreclosure was initiated by a party without standing.

3. 2. The defendant did not have the legal authority to sign the notice of default letter on behalf of the trustee.

4. 3. The defendant violated Federal Laws and the provisions defined in <u>15 U.S.C. Sec. 1692</u> false misrepresentation while collecting a debt.

5. 4. The defendant wrongfully foreclosed on the plaintiff and violated the *Truth in Lending Act, Regulation Z,* <u>12 CFR §226.23</u>, breached the contract and slandered the title.

6. 5. The defendants committed real estate deed fraud when they fail to deliver the deed as mandated in the state property transfer statutes.

7. 6. Plaintiff also brings his claim forward for slander of credit and infliction of emotional distress.

8. 7. The defendant in this case is a debt collector as advertised in the media and noted at the bottom of the mailed letters.

9. 8. The defendant violated the FDCPA, including misrepresentation, fraud, harassment, unfair means, and deception to collect a debt.

10.                                          **I. Lack of Standing:**

11. 1.1 The defendants who initiated the judicial foreclosure did not have standing to execute the power of sale clause in the deed of trust. The lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit.

12.                                          **II. Violation of the FDCPA:**

13. 2.1 The law firm, or the attorney, did not meet the requirements mandated in the Fair Debt Collection Practices Act (FDCPA), necessary to be a legal debt collector.

14. 2.2 The FDCPA mandates the attorney, and the law firm must have a license to be a debt collector, a bond, and they must be registered with the Attorney General in the State in which they are collecting.

15. 2.3 The debt collector in this case is in violation of the FDCPA, they do not meet the legal requirements to be considered a debt collector and therefore have no standing before the court. 2.4 The violation of the FDCPA is a federal question and therefore the Federal Court has jurisdiction to decide on the matter. *Picking v. Pennsylvania R. Co.* 151 Fed. 2nd 240; *Pucket v. Cox* 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers. *Platsky v. C.I.A.* 953 F.2d. 25.

16. 2.5 Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. *Reynoldson v. Shillinger* 907F. 2d 124, 126 (10th Cir. 1990); See also *Jaxon v. Circle K. Corp.* 773 F.2d 1138, 1140 (10th Cir. 1985) (1). *Warnock v. Pecos County, Tex.*, 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

17. 2.6 The Federal Law mandates any debt collection company attempting to collect a debt within the State of Ohio, must be bonded and licensed to do so. Failure of the Corporation to maintain an active surety bond warrants grounds for the immediate ceasing of collection activities and reporting to major credit bureaus.

18. 2.7 A third-party collection agency that violates any provision of the FDCPA, is liable to civil and criminal penalties which may include monetary compensation to the victim.

19. 2.8 The debt collector company cannot at any point engage in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt.

20. 2.9 The debt collection company must provide proof that they have the authority to collect fees, interest, or expenses above the original balance; such proof may be a signed document by the debtor.

21.                              **III. Violation of The Truth in Lending Act:**

22. 3.1 The defendants violated the *Truth in Lending Act, Regulation Z,* 12 CFR §226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was actually zero because the Plaintiff's financial assets were exchanged for FED's promissory notes in an even exchange. The defendant misled the State Court when they executed the unlawful foreclosure and case against the plaintiff's property. *Exhibit A* copy of the foreclose order

23. 3.2 The attorney does not have a license to practice law and therefore is not qualified to represent a fictitious corporation in court.

24. 3.4 The Supreme Court ruled lawyers and attorneys are NOT licensed to practice law, the nature of lawyer- craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (*Schware v. Board of Examiners,* 353 U.S. 238, 239).

25. 3.5 The defendant misrepresented himself to the court as a licensed attorney when he does not have a license to practice law. A certificate is not a license to practice Law as an occupation, nor do business as a law firm.

26.                                    **IV. Jurisdiction:**

27. 4.1 The Constitution and <u>28 U.S.C. § 1332</u> vest federal courts with jurisdiction to hear cases that "arise under" federal law.

28. 4.2 The Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." <u>28 U.S.C. § 1331</u>.

29.                      **V. The Two Jurisdictions for The Court to Operate Under:**

30. 5.1 Plaintiff is only aware of two jurisdictions the court can operate under as per the Constitution, and those jurisdictions are Common Law and Admiralty Jurisdiction.

31. 5.2 If the court chooses to proceed under Admiralty Jurisdiction, the plaintiff will need the court to inform him where the rules of procedures for Admiralty jurisdiction can be found.

32.                      **VI. A Federal Question- Jurisdiction and Statement of a Claim:**

33. 6.1 The test for determining whether allegations are sufficient to confer federal question jurisdiction has two prongs.

34. 6.2 First, pursuant to statute, the plaintiff must present a federal question claim "arising under the Constitution, laws, or treaties of the United States. See: 18. <u>28 U.S.C. § 1331 (1982)</u>. This statutory requirement is grounded in the Constitution. See U.S. Const. art. III, § 2. "1" Second, courts have added the requirement that the federal question must be "substantial." See *Hagans v. Lavine*, <u>415 U.S. 528, 536-38</u> (1974); Bell v. Hood, 327

U.S. 678, 682-83 (1946); 13B C. *Wright, A. Miller & E. Cooper*, Federal Practice and Procedure § 3564, at 66-77 (1984).

35. 6.3 The plaintiff pleaded factual content and evidence that is documented in the defendant's records that allows the court to draw the reasonable inference that the defendant is guilty of violating Federal Laws when they signed the default letter on behalf of the trustee without legal authority.

36. 6.4 The exhibit marked "A" will show the document used to execute the power of sale clause in the deed of trust was signed by a party that did not have to stand to initiate the Judicial Foreclosure and therefore the foreclosure is void.

37. 6.5 The exhibit marked "B" is a copy of the deed of trust which shows who the legal trustee is in the deed of trust.

38.                    **VII. Reservation of Rights Under UCC-1-308:**

39. 7.1 I have reserved my rights under UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law.

40. 7.2 The code is complimentary to the common law, which remains in force, except where displaced by the code.

41. 7.3 A statute should be construed in harmony with common law, unless there is a clear legislative intent to abrogate the common law.

42. 7.4 The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction.

43.                          **VIII. Facts of The Dispute:**

44. The foreclosure is void because it was initiated by a party without standing.

45. 8.1 The attorney violated the Federal Security Statutes.

46. 8.2 The attorney unlawfully signed the notice of default on behalf of the trustee which created a fatal flaw to the action:

47. 8.3 The defendants violated the Truth in Lending Act z.

48. 8.4 The defendants cannot verify agency.

49. 8.5 The defendant misrepresented himself to the court as a licensed attorney when he did not have a license to practice law.

50. 8.6 The fact that the defendants issued a notice of default letter to execute the power of sale clause in the deed of trust will verify the defendants contracted to provide a loan to the plaintiff, and that the defendants owed a legal duty to the plaintiff.

51. 8.7 The defendant's duty was breached because they never provided a loan to the plaintiff.

52. 8.9 The alleged loan was an exchange of the plaintiff's signed promissory note for electronic credits from the Federal Reserve.

53. 8.10 Promissory Notes and other commercial instruments are legal tenders and financial assets to the originator and a liability to the lender. UCC §1-201(24), §3-104, §3-306, §3-105, UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511, UCC §§9-102(9), (11), (12)(B), (49), (64), 12 USC 1813(l)(1).

54. 8.11 The defendant's accounting records will show the corporation has an offsetting liability to the homeowner pursuant to FAS 95, GAAP, and Thrift Finance Reports (TFR), and the alleged loan was always an asset to the defendant.

55. 8.12 These records include a. FR 2046 balance sheet, b. 1099-OID report, c. S-3/A Registration Statement, d. 424-B5 Prospectus and, e. RC-S & RC-B Call Schedules.

56. 8.13 The corporation never registered the commercial instrument because they knew it was a financial asset to the debtor, and that there was a breach.

57. 8.14 The breach of contract has damaged the plaintiff in the following manner, and the plaintiff is demanding compensatory damages to reimburse the plaintiff for costs associated with the injury. All the monthly payments made on a fake loan plus interest for the number of years payments were made and legal expenses. Attorneys fee, time off work, all filing fees.

58. 8.15 Plaintiff also demands punitive damages as a remedy for the defendant's conduct that was intentional and excessively reckless. The wrongful foreclosure has caused negative effects on the plaintiff's credit report.

59. 8.16 The plaintiff also shows there was or is a conspiracy to deprive him of property without the administration of justice, in violation of the plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ("Knowledge" and "Neglect to Prevent" a U.S. Constitutional Wrong).

60. 8.17 Under Title 18 U.S.C.A. 241 (Conspiracy), violators "shall be fined not more than $10,000 or imprisoned not more than ten (10) years or both." The foreclosing party lacked standing to foreclose because they did not have legal authority to execute the power of sale clause in the deed of trust, and therefore the "Notice of Default and Election to Sell" document has a "Fatal Defect" which robbed the legal system of Jurisdiction and the Judicial foreclosure is unlawful.

61. 8.18 The legal Trustee is the person who has standing to execute the power of sale clause in the deed of trust. In this case, there is no legal trustee. The promissory note and deed of trust were never registered into the trust, because the promissory note was bundled and sold during the securitizing process.

62. 8.19 The deed of trust states the repayment of the debt is evidenced by the "NOTE," however the "Original" note was not filed in the record or included in the notice of the "Notice of Default" letter.

63. 8.20 Without that Note and the original deed of trust, the defendants cannot verify there was any debt.

64. 8.21 It is well known in the legal community a trust deed is always used together with a promissory note that sets out the amount and terms of the alleged loan.

65. 8.22 The deed of trust, and the promissory note must always be together, and without the note and the loan accounting entries, the attorney has failed to prove there was any debt, a second fatal flaw to the wrongful foreclosure.

66. 8.23 The debt collector company cannot at any point engage in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect debt. The attorney violates the FDCPA, as they do not have a license to collect a debt, they have no bond in place to be a debt collector and they are not registered in the States they are attempting to collect in. These legal documents must be placed on the court record to verify the defendant is a legal debt collector.

The plaintiff's claims are brought forward Under Common Law:

67.                    **IX. Elements for Common Law:**

68. 9.1 Controversy (The listed defendants)

69. 9.2 Specific Claim (wrongful foreclosure)

70. 9.3 Specific Remedy Sought by Claimant (5.5 million dollars)

71. 9.4 Claim Must be Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein is true.

72.                    **X. Elements of A FDCPA Claim:**

73. 10.1 A plaintiff who brings a suit under the FDCPA must prove the following elements to successfully make out the claim:

74. (1) That plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a (3);

75. (2) That the debt arises out of a transaction entered for personal purposes.

76. (3) That the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6); and

77. (4) That the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692 a-1692.

78. 10.2 The plaintiff is a consumer as shown by the alleged mortgage loan and unlawful judicial foreclosure filed in State Court against the plaintiff's property.

79. 10.3 The alleged loan was to secure personal housing for the plaintiff and his family. The defendant is a debt collector as noted in their mailings and phone communications as well as the business description.

80. 10.4 The defendant violated provisions defined in <u>15 U.S.C. Sec. 1692</u> false misrepresentation in the course of collecting a debt.

81. 10.5 The FDCPA mandates debt collectors can't use false, deceptive, or misleading practices.

82. **XI. Parties:**

83. 11.1 Plaintiff ANTHONY WEBB

84. 11.2 Defendant STATE OF OHIO

85. 11.3 Magistrate  Thomas O. Beridon, unknown spouse, if any

86. 11.4 Attorney W. Scott Leaman, unknown spouse, if any

87. 11.5 Diaz Anselmo & Associates, P.A., et al

88. **XII. The Truth in Lending Act, Regulation Z, <u>12 CFR §226.23:</u>**

89. 12.1 The original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange. The failure to disclose the true nature of the exchange is misrepresentation, fraud, harassment, unfair means, and deception to collect debt.

90.                              **XIII. Breach of Contract:**

91. 13.1 On, or about February 23, 2022, the plaintiffs inherited a home from seller, in the approximate amount of $139,680.00

92. 13.2 The plaintiff was never provided with a loan; the original debt was zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

93. 13.3 The alleged loan was created with plaintiff's signature because all commercial instruments such as promissory notes, credit agreements, bills of exchange and checks are defined as legal tender, or money, by the statutes such as 12 USC 1813(l)(1), UCC §1-201(24), §3-104, §8-102(9), §§9-102(9), (11), (12)(B), (49), (64).

94. 13.4 These statutes define a promissory note or security to be negotiable (sellable) because it is a financial asset. This is necessary because contracts requiring lawful money are illegal under Title <u>31 USC §5118(d) (2)</u>. All debts today are discharged by promises to pay in the future.

95. 13.5 Federal Reserve notes are registered securities and promises to pay in the future. They are secured by liens on promissory notes of collateral owned by real people.

96. 13.5 The statutes do not provide the Federal Reserve Corporation with a monopoly on promissory notes, as debt collectors insist.

97. 13.6 The plaintiff's signature created the promissory note in dispute, and it was sold to the Federal Reserve in exchange for the plaintiff's signed note.

98. 13.7 Plaintiff's promissory note never became a registered security, and a financial asset that can be negotiated because, for commercial instruments to be legal tender, they must be secured by a maritime lien on a prepaid trust account recorded at the county and registered on a UCC-1. It then becomes a registered security and a financial asset that can be negotiated.

99. 13.8 The defendants further complicated the fraudulent process by selling their payables to another entity to remove it from their balance sheet.

100. 13.9 This is called securitization or off-balance sheet financing. No loan was provided to the plaintiff, and the defendants failed to file evidence on the record to prove a contract existed.

101. 13.10 The original contract and an accounting of the loan entries were never filed in the wrongful foreclosure case that was filed against the plaintiff's property.

102. 13.11 The Attorney who signed the "Notice of Default" document to execute the power of sale clause did not have standing, and therefore notice of default has a fatal flaw, and the foreclosure judgment must be vacated and this claim granted for the full amount demanded.

103.                          **IXV. Scheme to Defraud:**

104. 14.1 The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re *Pearl Maxwell*, 281 B.R. 101

105. 14.2 The *Truth in Lending Act, Regulation Z*, <u>12 CFR §226.23</u>, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures. The original debt was zero because Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange.

106. 14.3 Promissory Notes and other commercial instruments are legal tenders and financial assets to the originator and a liability to the lender. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

107. 14.4 But the defendants do not understand that they have this liability because most people are unaware of it.

108. a. UCC §1-201(24), §3-104, §3-306, §3-105,

109. b. UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

110. c. UCC §§9-102(9), (11), (12)(B), (49), (64)

111. d. 12 USC 1813(l)(1)

112. 14.5 The defendant's records will show the defendant has an offsetting liability to the plaintiff according to FAS 95, GAAP, and Thrift Finance Reports (TFR).

113. 14.6 These records include:

114. a. FR 2046 balance sheet,

115. b. 1099-OID report,

116. c. S-3/A registration statement,

117. d. 424-B5 prospectus and

118. e. RC-S & RC-B Call Schedules

119. 14.7 The defendants never registered the plaintiff's signed promissory note (commercial instrument), because they knew it is showing as a financial asset on their books.

120. 14.8 The defendants did not register the promissory note to establish a security interest in the financial asset to take the position of a secured creditor.

121. 14.9 The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1.

122. a. §8-102(13), §9-203; §9-505, §9-312

123. b. 46 USC §§31321, 31343, 46 CFR 67.250, §9-102(52), §9-317, §9-322

124. 14.10 Plaintiff demands the original foreclosure claim to be set off for recoupment, and to have the assets cancel out the liabilities according to:

125. a. FAS 140, §3-305, §3-601, §8-105, §9-404

126.  14.11 It is a violation of both State and Federal law for a bank to sell an unregistered note that is a security. That violation provides a right to rescission of the contract under Statutes.

127.                        **XV. The Alleged Loan:**

128.  15.1 The exact monthly payments of the alleged mortgage loan varied according to property taxes and other fees paid but a typical interest-only monthly payment was $878.62 including reserves for the payment of taxes and insurance.

129.  15.2 Beginning on April 1, 2022, and continuing until about July 1, 2022, the plaintiff made timely payments to Guaranteed Rate Inc.

130.  15.3 In late 2022, JPMORGAN Chase Bank N.A. claimed the plaintiff was behind on payments and hired Foreclosure attorneys DIAZ ANSELMO & Associates P.A. to commence foreclosure.

131.  15.4 On November 17, 2023, a Notice of Default was issued and signed by the attorney working for the Foreclosure Servicer, then granted by the magistrate and served to the plaintiff.

132.  15.5 The attorney operating the Foreclosure Servicer transmitted to various credit reporting agencies, including Equifax, Experian, and Transunion false adverse information about the plaintiff, causing his credit to be impaired.

133.                        **XVI. Legal Prejudice:**

134.  16.1 Legal prejudice refers to a condition shown by a party that will defeat the action of an opposing party.

135. 16.2 In other words, it is a fact or condition which may defeat the opposing party's case, if the same is established or shown by a party to litigation.

136. 16.3 The plaintiff provides evidence in the notice of default document that will prove it was executed by an agent without standing, and this prejudiced the plaintiff and therefore requests damages both compensatory and punitive as relief for the prejudice suffered.

137.                        **XVII. Failure to Establish Agency:**

138. 17.1 The people have rights; Corporations do not have rights. Among these "Rights" is the right to contract, the people have this right under 42 USC 1981.

139. 17.2 The people exercise this right by their signature and/or Social Security Number.

140. 17.3 Corporations cannot sign and therefore cannot enter any contract with an attorney.

141. 17.4 The right to contract is reserved to the people. This is established by the age-old principle of "Agency". To establish an "Agency", the "Principal" must ask the "Agent" to perform a task.

142. 17.5 The "Agent" must agree to perform the task. It is a time-tested principle, of "American Jurisprudence" that the "Court" must not rely upon the "Agent" to prove "Agency".

143. 17.6 The "Court" must follow the "Principal" to establish "Agency". The law is simple, no "Principal" no "Agency" to "Capacity to Sue". The case must be dismissed.

144.                    **XVIII. Federal Question- Violation of The FDCPA, Sec. 1692**

145. 18.1 This is an action brought by a consumer and the defendants violated the *Fair Debt Collection Practices Act* (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).

146. 18.2 The plaintiff is a consumer.

147. 18.3 The transaction was primarily for family household purposes, so under the FDCPA's definition of a "debt", this consumer's alleged debt is covered under the FDCPA.

148. 18.4 The defendants and the named corporation are debt collectors as defined in Title 15 of the United States Code, section 1692 a of the Act.

149.                    **XIX. The Defendant Is a Debt Collector:**

150. 19.1 The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

151. 19.2 This definition includes any creditor who, in the process of collecting his debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. In this dispute, the debt collector used false, deceptive, and harassing debt collection tactics against the plaintiff.

152. 19.3 The debt collection agent is not licensed by the State to be a legal debt collector, the agent's law firm is also not licensed by the State they are collecting in, or any other State to be a legal debt collector as mandated in the FDCPA.

153.  19.4 The agent or the law firm had no bond to be a debt collector and therefore violates the FDCPA.

154.  19.5 The court rules mandate attorneys have to have a license to practice law, and the debt collector must be working under an attorney with a license to practice law.

155.  19.6 Lawyers and attorneys are NOT licensed to practice law, the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (*Schware v. Board of Examiners*, 353 U.S. 238, 239).

156.  19.7 The practice of Law is AN OCCUPATION OF COMMON RIGHT! (*Sims v. Aherns*, 271 S.W. 720 (1925).

157.  19.8 The debt collector in this case lied and used deceptive means to attempt to collect a debt.

158.  19.9 The debt collector in this case does not have a license to collect, a bond nor is the debt collector registered with the Attorney General for my State.

159.  19.10 The debt collector's law firm is also mandated by the FDCPA to have a license to collect debts, and a bond, and must be registered with the Attorney General for the State in which they are collecting.

160.  19.11 When the debt collectors fail to obtain the legal credentials to collect debts they are before the court without standing and their documents must be stricken from the record.

161.  19.12 The plaintiff is a consumer as shown by the alleged mortgage loan and unlawful judicial foreclosure filed in State Court against the plaintiff's property.

162. 19.13 The alleged loan was to secure personal housing for the plaintiff and his family. The defendant is a debt collector as noted in their mailings and phone communications as well as the business description.

163. 19.14 The defendants violated provisions defined in <u>15 U.S.C. Sec. 1692</u> false misrepresentation while collecting a debt.

164. 19.15 The FDCPA mandates debt collectors cannot use false, deceptive, or misleading practices.

165.                                **XX. Recourse:**

166. 20.1 The Recourse appears in the Uniform Commercial Code at 1-103.6, which says: The Code is complimentary to the Common Law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the Common Law unless there is a clear legislative intent to abrogate the Common Law.

167.                        **XXI. Elements for Breach of Contract:**

168. 21.1 There is a contract that was breached.

169. 21.2 The breach is material.

170. 21.3 The breach leads to direct and/or consequential damage.

171. 21.4 The breach occurred within the last four years.

172.                    **1st Claim- Wrongful Foreclosure:**

173. The foreclosing party did not have standing to execute the power of sale clause in the deed of
     trust, and therefore the judicial foreclosure is void.

174.                    **2nd Claim- Violation of the FDCPA:**

175. The defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692 a-
     1692.

176.                    **3rd Claim- Violation of The Truth In Lending Act:**

177. The Truth in Lending Act, Regulation Z, <u>12 CFR §226.23</u>

<u>178</u>.                    **4th Claim- Breach of Contract:**

179. The defendant is in breach of contract, as the original debt was zero because the Plaintiff's
     financial assets were exchanged for FED's promissory notes in an even exchange.

180.                    **5th Claim Violation of Federal Trust and Lien Laws:**

181. The defendant violated Federal Trust and Lien Laws when they signed on behalf of the
     trustee without legal authorization.

182.                    **6th Claim- Slander of Title:**

183. The defendants have caused various documents to be recorded including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title.

184.                                    **7th Claim- Slander of Credit:**

185. The plaintiff alleges that the actions and inactions of the defendants have impaired their credit.

186.                          **8th Claim- Infliction of Emotional Distress:**

The defendants have intentionally or negligently taken actions that have caused the plaintiff's severe emotional distress.

Wherefore, having set forth various causes of action against the defendants, the plaintiff pray for the following relief:

2. The actions of defendants be determined unfair and deceptive business practices in violation of Federal Laws, and Federal Security statutes.

3. To have the alleged debt discharged.

4. To be awarded compensatory and punitive damages provided for in the amount of fifty thousand dollars including costs and legal expenses.

5. That the Plaintiff be awarded consequential damages to be fully proved at the time of trial.

7. That the Court grant any other relief that may be just or equitable.

8. The defendants contact the credit reporting agencies and correct the false information that was reported to them.

By:_____

       Anthony-Cortez: Webb

STATE OF OHIO

COUNTY OF HAMILTON


SUBSCRIBED AND SWORN TO BEFORE
ME, on the _____ day of
_____, _____


Signature _____
(Seal)
NOTARY PUBLIC
My Commission expires:

_____

_____
(Signature)

Anthony-Cortez: Webb

UCC 1-308