UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY WEBB,

    Plaintiff,

vs.

MAGISTRATE THOMAS BERIDON, et al.,

    Defendants.

Case No. 1:24-cv-43

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati brings this action against Magistrate Thomas O. Beridon and Attorney W. Scott Leaman. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

1

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478

2

U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint arises out of a state court foreclosure proceeding brought against him in the Hamilton County Court of Common Pleas. *See JP Morgan Chase Nat'l Assoc. v. Anthony Webb*, A2204600. Plaintiff is challenging Magistrate Beridon's January 24, 2024, decision granting default judgment in favor of JP Morgan. Plaintiff claims this decision was "a conspiracy to deprive the Plaintiff of his property without the admiration of justice, in violation of Plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (conspiracy) and 1986 ("knowledge" and "neglect to prevent" a U.S. Constitutional Wrong). Plaintiff further asserts that Defendant Scott Leaman, the attorney for JP Morgan Chase, lacked standing to file the motion for default judgment against Plaintiff in the state court foreclosure proceeding. Plaintiff further alleges that Leaman "mislead the State Court when they executed the unlawful foreclosure and case against the Plaintiff's property." (Doc. 1 at 3). Plaintiff did not state what relief he is seeking from the Court. (See Doc. 1 at p. 4).

This court lacks subject matter jurisdiction Plaintiff's claims.[1] First, Magistrate Beridon

---

[1] Plaintiff also submitted a 23-page unsigned and unsworn affidavit purportedly in supported of his claims. The affidavit also appears to raise additional claims under the Fair Debt Collection Practices Act, the Truth in

is entitled to absolute judicial immunity. Judges retain absolute immunity even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001).

Plaintiff's claims are also barred under the *Rooker–Feldman* doctrine. Namely, Plaintiff seeks to overturn the state court's judgment of foreclosure by the doctrines of issue preclusion and claim preclusion. Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions. Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983*); Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed.Appx. 487, 489–90 (6th Cir.2005) (applying *Rooker–Feldman* to Fair Debt

---

Lending Act, breach of contract, fraud, slander and intentional infliction of emotional distress. Plaintiff's affidavit also asks the Court to discharge his debt, be awarded $50,000.00, including costs and legal expenses, consequential damages, and any other relief the Court finds equitable. To the extent this affidavit can be considered by the Court, Plaintiff's claims fail as a matter of law. As fully discussed below, Plaintiff's claims are barred by the *Rooker Feldman* doctrine and Defendant Beridon is entitled to judicial immunity. Furthermore, such assertions are not supported by any factual allegations. Thus, Plaintiffs complaint does not contain a federal claim against any defendant. *Wells v. DLJ Mortg. Capitol Inc.*, No. 1:14-CV-767, 2014 WL 5587561, at *2 (S.D. Ohio Nov. 3, 2014) citing *Am. Fed'n of Television and Radio Artists, AFL—CIO v. WJBK—TV*, 164 F.3d 1004, 1007 (6th Cir.1999) ("Merely referring to a federal statute ... does not establish federal jurisdiction" (citation and quotation marks omitted)). As such, Plaintiff's claims lie in state court.

Collection Practices Act action where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid.")

Plaintiff's complaint fails to allege any violation of Plaintiff's constitutional rights and/or any claims under federal law. In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts.  For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY WEBB,

    Plaintiff,

vs.

MAGISTRATE THOMAS BERIDON, et al.,

    Defendants.

Case No. 1:24-cv-43

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6